PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2006 Chevrolet HHR struck a broken section of road while claimants were traveling on Goodwill Road in Wayne County. Goodwill Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on March 13, 2007. Goodwill Road is a two-lane highway at the area of the incident involved in this claim. Claimant Shirley Hodge testified that she was driving on Goodwill Road with a vehicle traveling towards her in the other lane when her vehicle struck the broken section of road. She stated that she had seen the broken section of road previously but had been able to avoid it on other occasions. Ms. Hodge testified that the broken section of road was approximately eight to ten inches deep and six to eight inches wide. She further testified that there was Division of Highways equipment and machines along the side of the road to repair it at the time of her incident. Claimants’ vehicle struck the broken section of road sustaining damage to the right front tire totaling $125.08.
The position of the respondent is that it did not have actual or constructive notice of the condition on Goodwill Road at the site of the claimants’ accident for the date in question. Respondent presented no evidence or witnesses at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least *43 constructive notice of the broken section of road which claimants’ vehicle struck and that this broken section of road presented a hazard to the traveling public. The size of the broken section of road and the time of the year in which claimants’ incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $ 125.08.
Award of $125.08.